**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT J. JENKINS,

      Plaintiff-Appellant,

v.

C.S.C./C.C.C.F. CORRECTIONAL
SERVICES CORPORATION; JAMES
F. SLATTERY, President and CEO;
JOHN R. THOMPSON, Executive
Vice President; WARDEN
MCKENNA; DEPUTY WARDEN
RODENBACK; DEPUTY WARDEN
TATE; JOHN SUTHERS, Executive
Director; and LIZ MCDONOUGH,

      Defendants-Appellees.

No. 99-1518

(D.C. No. 99-Z-1023)
(District of Colorado)

**ORDER AND JUDGMENT** *

Before **BALDOCK, HENRY** , and **LUCERO** , Circuit Judges. **

      Robert J. Jenkins, an inmate in the custody of the Colorado Department of

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Corrections, seeks to proceed in forma pauperis in this appeal of the district court's dismissal of his civil rights complaint without prejudice. Proceeding pro se, Mr. Jenkins asserted three claims in his initial complaint: (1) he had been subjected to cruel and unusual punishment in violation of the Eighth Amendment when prison guards used tear gas during a riot; (2) the defendant prison officials violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68 by embezzling money from inmate accounts; and (3) the defendants violated his constitutional rights by placing violent and nonviolent offenders together.

The magistrate judge determined that Mr. Jenkins's complaint failed to assert his claims with sufficient specificity. He noted that Mr. Jenkins's allegations did not indicate how each defendant had personally participated in the alleged violations of his constitutional rights. The magistrate judge therefore required Mr. Jenkins to file an amended complaint. Mr. Jenkins did so, but the district court found the same deficiencies in his amended complaint and dismissed it without prejudice.

We agree with the district court's analysis of Mr. Jenkins's amended complaint: it does not explain how the individual defendants personally participated in the violation of his constitutional rights. Moreover, many of Mr. Jenkins's allegations do not identify particular injuries that he incurred, as

opposed to the inmate population as a whole. Although Mr. Jenkins does mention an incident in which prison officials injured his wrist, he fails to allege the "unnecessary and wanton infliction of pain," Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotations omitted), on which an Eighth Amendment claim must be based in this context.

Accordingly, we DENY Mr. Jenkins's motion to proceed in forma pauperis and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge